## WESTERN MEAT CO. v. FEDERAL TRADE COMMISSION.

(Circuit Court of Appeals, Ninth Circuit. February 17, 1925.)

No. 4064.

1. **Monopolies ⬡═20—Trade-marks and trade-names and unfair competition ⬡═80½, New, vol. 8A Key-No. Series—Acquisition of stock of one corporation by another; scope of powers of Trade Commission.**

Clayton Act, § 7 (Comp. St. § 8835g), makes it unlawful for one corporation engaged in commerce to acquire the stock of another corporation, also engaged in commerce, only where the effect may be to substantially lessen competition between them, or to restrain such commerce, or tend to create a monopoly; and the Federal Trade Commission has authority to command a corporation to desist from holding stock of another to the extent only that it is in violation of such provision.

2. **Trade-marks and trade-names and unfair competition ⬡═80½, New, vol. 8A Key-No. Series—Order of Trade Commission held in excess of its authority.**

An order of the Federal Trade Commission requiring a corporation to divest itself of all capital stock of another corporation, and of the plant of such corporation and all property necessary to the conduct and operation thereof, and ordering that none of such property should be sold or transferred to any stockholder, officer, employé, or agent of respondent or of any of its subsidiaries, *held* to go beyond the authority of the commission.

Ross, Circuit Judge, dissenting.

Petition to Review Order of Federal Trade Commission.

On rehearing of petition by the Western Meat Company against the Federal Trade Commission to review an order of the Commission. Order modified.

For former opinion, see 1 F.(2d) 95.

Sullivan & Sullivan and Theo. J. Roche, of San Francisco, Cal., for petitioner.

W. H. Fuller, Chief Counsel Federal Trade Commission, of McAlister, Okl., and James M. Brinson, of Butte, Mont., for respondent.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. [1] A rehearing of the above-entitled cause was ordered upon the contention of the petitioner that the order of the Federal Trade Commission exceeded its powers. The order required the petitioner to cease and desist from violating the provisions of section 5 of the act creating the Federal Trade Commission (Comp. St. § 8836e) and the provisions of section 7 of the Clayton Act (Comp. St. § 8835g), and to divest itself absolutely of all capital stock of the Nevada Packing Company, so as to include in such divestment the Nevada Packing Company's plant and all property necessary to the conduct and operation thereof, and further ordered that in such divestment no stock or property so mentioned to be divested "shall be sold or transferred, directly or indirectly, to any stockholder, officer, director, employé, or agent of, or any one otherwise directly or indirectly connected with or under the control or influence of respondent or any of its officers, directors or stockholders, or the officers, directors or stockholders of any respondent's subsidiaries or affiliated companies."

Section 7 of the Clayton Act forbids one corporation engaged in commerce to hold stock in other corporation, also engaged in commerce, where the effect of such acquisition may be to substantially lessen competition between the two corporations, or tend to create a monopoly; but it provides that the section shall not apply to corporations purchasing such stock solely for investment and not to lessen competition, nor prevent a corporation engaged in commerce from forming subsidiary corporations for carrying on their business, or from owning and holding stock in such subsidiary corporations when the effect thereof is not to substantially lessen competition. Section 11 (Comp. St. § 8835j) empowers the commission, when convinced that any of the provisions of the act have been violated, to order the person so violating the same "to cease and desist from such violations * * * in the manner and within the time fixed by said order." Thus is clearly expressed in the Clayton Act the evil which, so far as concerns the present case, is intended to be remedied, namely, the holding by one corporation of stock in another corporation engaged in commercial business where the effect thereof is substantially to lessen competition, restrain commerce, or tend to create a monopoly, and no enlargement of the commission's power is contained in the authority given it to fix a time and prescribe the manner of ceasing and desisting from such violation.

The act is remedial, and not punitive. Its purpose is to protect the public. It gives the Federal Trade Commission no authority, other than the authority to command the offending corporation to desist from holding stock in another corporation in violation of section 7. Nor is any authority given by the Federal Trade Commission Act (Comp. St. §§ 8836a–8836k) to require the petitioner here to do more than to divest itself of its stock in the Nevada Packing Company. Section 5 of the Federal Trade Commission Act directs the commission to prevent persons partnerships, or corporations from using unfair methods of competition, and it provides that such persons, partnerships, or corporations complained of shall have the right to appear and show cause why they shall not be required "to cease and desist from the violation of the law so charged in said complaint." And in dealing with such unfair methods the power of the commission is limited to an order requiring such person, partnership, or corporation to cease and desist from using such unfair method of competition. There is in the Federal Trade Commission Act no expansion of the Trade Commission's powers, beyond the powers conferred by the Clayton Act, to deal with the petitioner here. Said the court in Federal Trade Comm. v. Beech-Nut Co., 257 U. S. 441, 453, 42 S. Ct. 150, 154 (66 L. Ed. 307, 19 A. L. R. 882): "That act declares unlawful 'unfair methods of competition' and gives the commission authority after hearing to make orders to compel the discontinuance of such methods."

[2] We think the order in the present case goes beyond the authority conferred on the Federal Trade Commission in requiring the petitioner to divest itself of the Nevada Packing Company's plant and all property necessary to the conduct and operation thereof, and ordering that none of such property shall be sold or transferred directly or indirectly to any stockholder, officer, or employé of the petitioner. Section 7 of the Clayton Act provides that nothing contained therein shall prevent a corporation engaged in commerce from causing the formation of subsidiary corporations for the actual carrying on of their immediate lawful business, or the natural or legitimate branches or extensions thereof. It does not prohibit the petitioner from acquiring the plant and property of the Nevada Packing Company, or from carrying on the business

thereof, so long as the effect is not substantially to lessen competition.

The order of the Federal Trade Commission will be so modified as to eliminate therefrom the injunction against the acquisition by the petitioner of the plant and property of the Nevada Packing Company.

ROSS, Circuit Judge (dissenting). I adhere to the views expressed in and by the opinion and judgment rendered by this court when this case was last under consideration (1 F.[2d] 95), and therefore dissent from the modification now made of that opinion and judgment. It is, I think, in effect leaving the theretofore active and substantial competition between the parties entirely eliminated, with the return of stock worth only the paper on which it is printed.