## CHICAGO SILK CO. v. FEDERAL TRADE COMMISSION.

### No. 5948.

Circuit Court of Appeals, Seventh Circuit.

June 24, 1937.

Rehearing Denied July 27, 1937.

John A. Nash and Harry S. Harned, both of Chicago, Ill., for petitioner.

· W. T. Kelley, Chief Counsel, Federal Trade Commission, Martin A. Morrison, Asst. Chief Counsel, and Reuben J. Martin and James W. Nichol, Sp. Attys., all of Washington, D. C., for respondent.

Before EVANS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

This matter comes before the court upon the petition to review an order to cease and desist entered by the Federal Trade Commission under authority of section 5 of the Federal Trade Commission (15 U.S. C.A. § 45).

Petitioner is a corporation located in the city of Chicago, Ill., engaged in the sale and distribution of hosiery and lingerie throughout the United States. In the conduct of its business it distributes to the public through the United States mails certain literature, instructions, and sales outfits including paper punch cards, order blanks, and advertisements containing illustrations of hosiery and lingerie, together with samples of fabrics and circulars explaining its plan of selling said merchandise and the allowing of premiums or prizes to the operators of the punch board. In order to obtain the address of "prospects," a letter is sent to a woman offering her a pair of ladies' silk hosiery free on condition that she send petitioner the address of ten other women. Upon compliance with this requirement, the person is sent a pair of hosiery as promised, and each of the ten other "prospects" are sent the sales literature including a punch card with printed instructions for its operation. This card contains numbers from one to sixty and when pushed out of the card reveal the amount which is to be paid, ranging from 1 cent to 15 cents according to the number punched. Certain numbers are free and the operators who push these numbers are required to pay nothing, but have the same chance with the others in winning. $5.95 is the amount collected when all the numbers are sold. The person who sells the card receives two pair of ladies' silk hose free, and certain other persons who push out certain designated numbers likewise receive their hose free.

That the plan involves a game of chance or the sale of a chance to procure petitioner's merchandise is clearly shown, and that the operation of the plan is contrary to established public policy of the United States and the varied states and contrary to the criminal statutes of many of the states is conceded. Petitioner's sales were increased from $25,000 in 1932, the year it started in business to $150,000 in 1934, and even more in 1935. The commission found, among other things, that petitioner is engaged in offering for sale and selling its products in interstate commerce in competition with other persons likewise engaged; that the punch-card system of obtaining the business is a species of gambling which many of its competitors do not use for the reason that the method is unethical, unfair, and in violation of law; and that said method injuriously affects the business of petitioner's competitors by diverting business from them. On the basis of these findings of fact it issued the order to cease and desist, which this court is asked to vacate in these proceedings.

The contested issues as stated by petitioner are: First, does the method of business followed by the petitioner constitute an unfair method of competition? Second, does the evidence show that petitioner is engaged in competition with others in interstate commerce?

. The act itself provides that the findings of the commission as to the facts, if supported by testimony, shall be conclusive. This provision of the act is very forcibly enunciated in Federal Trade Commission v. Algoma Lumber Company, 291 U.S. 67, on page 73, 54 S.Ct. 315, 318, 78 L.Ed. 655, where the court said:

" 'The findings of the Commission as to facts, if supported by testimony, shall be conclusive.' * * * 15 U.S.C.A. § 45. The Court of Appeals, though professing adherence to this mandate, honored it, we think, with lip service only. In form the court determined that the finding of unfair competition had no support whatever. In fact what the court did was to make its own appraisal of the testimony, picking and choosing for itself among uncertain and conflicting inferences. Statute and decision (Federal Trade Comm. v. Pacific States Paper Trade Ass'n, 273 U.S. 52, 61, 63, 47 S.Ct. 255, 71 L.Ed. 534) forbid that exercise of power."

Petitioner, as we understand its position, does not attack the sufficiency of the evidence to justify the findings of the commission, and under the statute and court decision above cited there is no oc-

casion for us to do so. However, we have investigated the record to the extent of satisfying ourselves that the evidence fully justifies the findings as made. We assume that the question which petitioner seeks to raise is that the facts as found by the commission do not constitute an unfair method of competition. With this position we are unable to agree. We gather from petitioner's brief that it should not be held accountable for any consequences which result from the activity which it originates. It is claimed, for instance, that there can be no harm in the mailing of the punch cards; that whether they are used for disposing of merchandise by chance is one to be determined by the recipient of such cards; and that, inasmuch as the cards are furnished free, petitioner is not engaged in a lottery or in disposing of its merchandise by chance. There is no merit in such contention. The petitioner originated and set in operation the scheme or device in question. Moreover, it sent through the mail specific instructions for the operation of the plan and reaped the benefits from its execution.

Under the authority of Federal Trade Commission v. Keppel & Bro., 291 U.S. 304, 54 S.Ct. 423, 78 L.Ed. 814, both questions which petitioner raises must be answered in the affirmative. Other cases might be cited sustaining the order in question, but, in view of the law as announced in the Keppel Case, it would be useless reiteration so to do.

The order of the commission is affirmed.