HERSHEY CHOCOLATE CORPORATION
v. FEDERAL TRADE COMMISSION.

No. 7103.

Circuit Court of Appeals, Third Circuit.

June 30, 1941.

Bernard G. Segal, of Philadelphia, Pa., (Wm. A. Schnader, Howard S. McMorris, and Schnader & Lewis, all of Philadelphia, Pa., on the brief), for petitioner Berlo Vending Co.

Sol. A. Rosenblatt, and William B. Jaffe, both of New York City (Herman S. Rosenblatt, of New York City, on the brief), for petitioner Sanitary Automatic Candy Corporation.

M. Robert Sturman, of Chicago, Ill., for Confection Cabinet Corporation.

James W. Reynolds, of Harrisburgh, Pa. (Wellington S. Crouse, on the brief), for Hershey Chocolate Corporation.

Grosvenor Calkins, of Boston, Mass., for Kohler Swiss Chocolates Co. and another.

John Darsey, of Washington, D. C., (W. T. Kelley, Chief Counsel, Federal Trade Commission, and Joseph J. Smith,

Jr., on the brief), for Federal Trade Commission.

Before MARIS, CLARK, and GOODRICH, Circuit Judges.

CLARK, Circuit Judge.

The Federal Trade Commission finds that two of the petitioners, Hershey Chocolate Corp., and Peter Cailler Kohler Swiss Chocolate Co., are manufacturers of chocolate bars which enjoy a greater consumer demand than any competing brands. By contract the petitioners' sale of these bars in a size suitable for the vending machine trade was restricted to the three largest operators of vending machines, Sanitary Automatic Candy Corp., Berlo Vending Co. and Confection Cabinet Corp. This limitation in the selection of retail outlets is found to continue even after the expiration of the contract. Its effect is held to unfairly injure the competitors of the three chosen vending machine operators and to deprive the public to some extent of their most popular chocolate bars. The Commission further finds that the agreement and understanding which succeeded it was a practice which unduly restricted competition and tended to create a monopoly. It therefore ordered the two chocolate manufacturers, the sales agent of one, and the three vending machine companies, to cease and desist the continuance of the unfair methods of competition implicit in the agreement and understanding.

The six companies at whom the order was directed[1] have raised numerous objections to the findings and order. These objections seem to us to go to the weight of the evidence and to the inferences to be drawn therefrom. The petitioners have, in fact, worked at cross purposes. Hershey contends that its practices are not harmful because "there were thirty or forty other companies in the United States similarly engaged with 'Hershey' and 'Kohler' in the manufacture of chocolate candy products and many made solid chocolate bars suitable for vending machine use", whereas Kohler refutes this and objects to a lack of proof of substantial competition, claiming that Lamont and Hershey have but one competitor in this field.

The findings are conclusive upon us if supported by evidence.[2] This evidence discloses that the limitation and selection of retail outlets was brought about by an agreement between Lamont and the three vending machine operators. This agreement provided that the sale of Kohler chocolate bars for use in vending machines be restricted to the three largest operators of those machines. The nineteen other vending machine companies which formerly purchased Kohler products were notified that the manufacture of vending machine bars was discontinued. To keep the trade of the three largest vendors, Hershey was forced into a similar arrangement. Even after the termination of the exclusive distributor contracts neither Hershey nor Lamont, with a single exception, offered to sell to any other vending machine company a solid chocolate bar equal in size and weight to and at a price as low as the size, weight and price of the items sold to the three largest operators. This was clearly a cutting off of a competitor's source. This was unfair competition even under the National Industrial Recovery Act Codes.[3] The analogous situation of boycotts by wholesalers of certain retailers who violate trade provisions have been held unfair competition.[4] A scheme like the one be-

---

[1] Hershey Chocolate Corp., Peter Cailler Kohler Swiss Chocolate Co., Lamont, Corliss & Co., Sanitary Automatic Candy Corp., Berlo Vending Co., and Confection Cabinet Corp.

[2] Federal Trade Commission v. Curtis Publishing Co., 260 U.S. 568, 43 S.Ct. 210, 67 L.Ed. 408; Federal Trade Comm. v. Algoma Lumber Co., 291 U.S. 67, 54 S.Ct. 315, 78 L.Ed. 655; Federal Trade Comm v. Standard Education Society, 302 U.S. 112, 58 S.Ct. 113, 82 L.Ed. 141; Minter v. Federal Trade Comm., 3 Cir., 102 F.2d 69. See Daniels, Judicial Review of The Fact Findings of the Federal Trade Commission, 14 Washington Law Review 37; Conclusiveness of Findings of Fact By Federal Commission, 5 University of Chicago Law Review 495; Hankin, Conclusiveness of The Federal Trade Commission's Findings of Fact, 23 Michigan Law Review 233; Morrison, Judicial Review of Findings of Fact Found by The Federal Trade Commission, 4 Tulane Law Review 638.

[3] Federal Trade Comm. v. Wallace, 8 Cir., 75 F.2d 733; noted in Trade-Regulation—Unfair Trade Practices—Boycott of Sellers to "Irregular" Dealers—Conflict of Cease and Desist Order With Code, 35 Columbia Law Review 465.

[4] Fashion Originators' Guild of America v. Federal Trade Comm., 61 S.Ct. 703, 85 L.Ed. ——, filed March 3, 1941;

fore us is unlawful where it tends unduly to hinder competitors or create a monopoly:

"The dogma has been that the Commission is not a censor of business morals, but that the practice must be characterized by deception, bad faith, fraud or oppression, or must be against public policy because of its dangerous tendency to hinder competition unduly or to create monopoly." Unfair Competition—Unfair Methods of Competition Within the Federal Trade Commission Act, 82 University of Pennsylvania Law Review 664, 665.[5]

■ The petitioners make three additional arguments. They assert that the proceeding is not in the public interest, that they were deprived of a full and fair hearing, and that the Board's jurisdiction had ended. As authority for their first point, they cite Federal Trade Comm. v. Klesner.[6] This case holds that the Commission has no jurisdiction where the public interest is not specific and substantial.[7] But the decision merely makes the point that the Commission cannot decide private quarrels between competitors. There can be no question about public interest where there is a clear tendency to monopoly. The making available to all competitors of commodities essential to open competition in the industry and thereby insuring a free and unobstructed flow of such commodities from the manufacturer to the consumer is certainly in the public interest. Under the exclusive distributor arrangements competitors of the three largest vending machine operators had difficulty in conducting their business because of their inability to obtain Hershey and Kohler products at profitable prices. Their customers desiring to purchase Hershey and Kohler products have been deprived of an opportunity to do so.

■ An alleged striking from the record of a proffer of proof and an alleged restriction on the cross-examination of certain witnesses are the bases for the claim that the petitioners were deprived of a full and fair hearing. Even if these contentions had merit, they cannot now be raised since the petitioners have failed to avail themselves of the remedy provided by Section 5(c) of the Federal Trade Commission Act.[8]

■ Finally the petitioners contend that the order is invalid in that the practices ordered ceased were discontinued shortly before the complaint was issued, and in that the order refers to unfair practices in connection with several confectionery items whereas the complaint was limited to one item. The Commission would have no power at all if it lost jurisdiction every time a competitor halted an unfair practice just as the Commission was about to act. The practice may have been discontinued but without the Commission's order it could be immediately resumed.[9] Likewise the Commission's power would be limited indeed if it were restricted to enjoining unfair acts of competitors only as evidenced in the past. To be of any value the order must proscribe the method of unfair competition as well as the specific

---

noted in Trade Regulation—Boycott By Business Group Held Illegal Per Se, 41 Columbia Law Review 941; see Trade Regulation—Federal Trade Commission Act—Unfair Methods of Competition— Boycott By Manufacturers' Trade Association to Suppress Style Piracy, 8 George Washington Law Review 1122; Handler, Unfair Competition, 21 Iowa Law Review 175, 202 et seq.

[5] Federal Trade Comm. v. Raladam, 283 U.S. 643, 51 S.Ct. 587, 75 L.Ed. 1324, 79 A.L.R. 1191; Federal Trade Comm. v. Paramount Famous Lasky Corp., 2 Cir., 57 F.2d 152; Decision criticized in Trade-Marks—Trade Names and Unfair Competition—Unfair Practices, 1 George Washington Law Review 136; see Handler, Unfair Competition, 21 Iowa Law Review 175, 251; Henderson, The Federal Trade Commission, 245-326.

[6] 280 U.S. 19, 50 S.Ct. 1, 74 L.Ed. 138, 68 A.L.R. 838.

[7] The commentators have not agreed with the rationale of this decision. See Public Interest As A Jurisdictional Requirement Under Section 5 of the Federal Trade Commission Act, 43 Harvard Law Review 285; Trade Regulation— Degree of Public Interest Required to Vest Federal Trade Commission With Jurisdiction In Cases of Trade Name Simulation, 30 Columbia Law Review 270.

[8] 15 U.S.C.A. § 45(c); California Lumbermen's Council v. Federal Trade Comm., 9 Cir., 115 F.2d 178; see Consolidated Edison Co. v. N. L. R. B., 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126.

[9] Sears Roebuck & Co. v. Federal Trade Comm., 7 Cir., 258 F. 307, 6 A. L.R. 358; Fox Film Corp. v. Federal Trade Comm., 2 Cir., 296 F. 353; Fairyfoot Products Co. v. Federal Trade Comm., 7 Cir., 80 F.2d 684; Dr. W. B. Caldwell, Inc., v. Federal Trade Comm., 7 Cir., 111 F.2d 889.

acts by which it has been manifested. In no other way could the Commission fulfill its remedial function.[10] The order is binding upon all petitioners, even Kohler whose participation in the arrangement occurred through Lamont, its exclusive selling agent.

The order of the Federal Trade Commission is affirmed. A decree enforcing it will be entered.

[10] Western Meat Co. v. Federal Trade Comm., 9 Cir., 4 F.2d 223, 224. The statute is not limited to the prevention of specified acts, but is aimed at pro-

hibiting "unfair methods of competition". 15 U.S.C.A. § 45.