JAFFE v. FEDERAL TRADE COMMIS-
SION.

No. 7510.

Circuit Court of Appeals, Seventh Circuit.

Nov. 14, 1941.

Benjamin F. Morrison, of Chicago, Ill., for petitioner.

W. T. Kelley, Federal Trade Commission, and Martin A. Morrison, both of Washington, D. C., for respondent.

Before EVANS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

This is a petition to review an order of the Federal Trade Commission, entered September 5, 1940, under the authority of Section 5 of the Federal Trade Commission Act, 15 U.S.C.A. § 45. Petitioner was engaged in the sale of a variety of merchandise to customers located in a great number of states. The plan of disposal contemplated that it would be done by petitioner's customers in accordance with the plan submitted and provided by petitioner. Such plan included, among other things, push or punch cards. That petitioner's plan for the disposal of its merchandise involved a game of chance or lottery was found by the Commission and is not disputed.

Respondent asserts that every issue presented in the instant case was decided by this court in Chicago Silk Co. v. Federal Trade Comm., 7 Cir., 90 F.2d 689. Petitioner argues that this case is not res adjudicata of the case now before us. That, however, is not the question. The fact is that in the Chicago Silk Company case the order was directed against a corporation of which the petitioner in the instant case was president. Petitioner fails to point out any distinction between this case and that one except to argue that there must be a difference, or there would have been no occasion for respondent initiating the instant proceeding. What purpose respondent had in instituting the present action, when it had an order in the other case directed against the corporation and its officers, including the instant petitioner as president, is of no concern.

We are satisfied that every question raised by the petitioner in the instant case essential to the validity of the Commission's order was decided in the former case. Under such circumstances, a discussion of the points argued by petitioner would serve

no useful purpose. The Commission's order in the instant case is affirmed, not because the former case is res adjudicata, but because the reasoning employed and conclusions reached are applicable and controlling here.