## KRITZIK v. FEDERAL TRADE COMMISSION.

### No. 7679.

Circuit Court of Appeals, Seventh Circuit.

Jan. 28, 1942.

Rehearing Denied Feb. 19, 1942.

Maurice Weinstein, of Milwaukee, Wis., for petitioner.

W. T. Kelley, Chief Counsel, J. J. Smith, Jr., Martin A. Morrison, Asst. Chief Counsel, and D. C. Daniel, L. P. Allen, Jr., John W. Brookfield, Jr., and James W. Nichol, Sp. Attys., all of Washington, D. C., for respondent.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Petitioner asks us to review and set aside a cease and desist order of the Federal Trade Commission on the ground that there is no competent evidence to support the findings of the Commission.

The order was based upon a complaint issued by the Commission alleging in substance that petitioner is engaged in the sale and distribution of blankets, radios, ciga-

rettes, candy, and other articles of merchandise in commerce between and among the various states of the Union in competition with other individuals, partnerships and corporations engaged in the sale and distribution of similar merchandise; that in the sale and distribution of his merchandise petitioner furnishes devices (described in the complaint) which involve the operation of games of chance, gift enterprises or lottery schemes, by which the merchandise is sold and distributed to the consumers; the dealers or purchasers to whom petitioner furnishes the devices use them in selling and distributing his merchandise for the purpose of conducting lotteries in connection with the disposition of the merchandise, which has the tendency of inducing purchasers to purchase petitioner's merchandise in preference to that offered for sale and sold by petitioner's competitors; that the use of such methods is a practice contrary to the established public policy of the Federal Government and in violation of the criminal laws, and has a tendency to, and does, unfairly divert trade to petitioner from his competitors who do not use such methods; and that such methods are to the prejudice of the public and of petitioner's competitors and constitute unfair methods of competition in commerce within the intent and meaning of § 5 of the Federal Trade Commission Act, 15 U.S.C.A. § 45.

Petitioner answered the complaint and after the matter involved in this appeal had been heard, upon the complaint and answer, the testimony of witnesses and supporting documentary evidence, the Commission made findings as to the facts and issued the order[1] now being reviewed.

Petitioner contends that the record fails to support the Commission's findings that petitioner's method of selling punch boards together with merchandise affects competition, affects interstate commerce, constitutes an unfair method, and is contrary to public policy.

■■ By the Federal Trade Commission Act, 15 U.S.C.A. § 46 (g), the Com-

mission is empowered to make rules and regulations for the purpose of carrying out the provisions of the Act. These rules have the force and effect of law. National Candy Co. v. Federal Trade Commission, 7 Cir., 104 F.2d 999 and Hill v. Federal Trade Commission, 5 Cir., 124 F.2d 104, decided December 23, 1941. The Commission's findings of fact cover every fact alleged in the complaint and are within the issues tendered. Under the Commission's Rules of Practice, where an alleged fact is left without denial, any issue with respect to such allegation is foreclosed by the pleadings. National Candy Company case, supra, 104 F.2d page 1003. A fact admitted by answer is no longer a fact in issue. Hill case, supra.

■■ A reading of petitioner's answer discloses that he admits he sold his merchandise in competition with others engaged in selling like merchandise in interstate commerce, that in the sale and distribution thereof he furnishes devices involving the use of games and lottery schemes, and that his purchasers use the devices for the purpose of conducting lotteries in disposing of his merchandise. The statute condemns any method of competition in interstate commerce which is contrary to public policy. Ostler Candy Co. v. Federal Trade Commission, 10 Cir., 106 F.2d 962, 965. The use of a sales method which involves an element of chance is contrary to public policy, Federal Trade Commission v. R. F. Keppel & Bro., 291 U.S. 304, 313, 54 S.Ct. 423, 78 L.Ed. 814, and such method is an injury to the public, National Candy Company case, supra, 104 F.2d page 1006, and injures competitors, Federal Trade Commission v. Winsted Hosiery Co., 258 U.S. 483, 494, 42 S.Ct. 384, 66 L.Ed. 729, and International Art Co. v. Federal Trade Commission, 7 Cir., 109 F.2d 393, 397.

■ Petitioner also complains of the use of the words "or may be used" in Paragraphs 1 and 2 of the order. A like complaint was made in the National Candy and

---

1 (1) Supplying to or placing in the hands of others any merchandise together with punch boards, push or pull cards or other lottery devices, which said punch boards, push or pull cards or other lottery devices are to be used, or may be used, in selling or distributing such merchandise to the public;

(2) Supplying to or placing in the hands of others, punch boards, push or

pull cards, or other lottery devices, either with assortments of merchandise or separately, which said punch boards, push or pull cards, or other lottery devices, are to be used, or may be used, in selling or distributing such merchandise to the public;

(3) Selling or otherwise disposing of any merchandise by means of a game of chance, gift enterprise or lottery scheme.

Hill cases, supra, but was rejected. We think the conclusions reached in those cases were right.

The petition to set aside the order is denied and the order of the Federal Trade Commission is affirmed.