**HASKELITE MFG. CORPORATION v. FEDERAL TRADE COMMISSION.**

No. 7832.

Circuit Court of Appeals, Seventh Circuit.

May 7, 1942.

John Harrington, of Chicago, Ill., for petitioner.

W. T. Kelley, Chief Counsel, Joseph J. Smith, Jr., Asst. Chief Counsel, and Eldon P. Schrup and James W. Nichol, Sp. Attys., Federal Trade Commission, all of Washington, D. C., for respondent.

Before EVANS, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

This petition seeks to review a paragraph of a cease and desist order entered by the respondent Commission against the petitioner.

The petitioner is engaged in the manufacture and sale to dealers of a line of buffet or lap trays. Some of the trays are made of wood and some are made with a hardwood core and surfaced with a processed paper to simulate walnut and Mexican capomo wood. It was charged in the complaint that the petitioner had advertised its synthetic product as manufactured of hardwood and of hardwood surface, whereas in truth and in fact the surface was made of processed, lithographed paper, so as to simulate walnut and Mexican capomo; that such practices were unfair and deceptive within the meaning of Section 5(a) of the Federal Trade Commission Act, 15 U.S.C.A. § 45(a). After a hearing, an order was issued against petitioner, directing that it cease and desist from:

(1) Representing that trays made in part of paper are made entirely of wood;

(2) Using the words "wood," "hardwood," "walnut," or "capomo," or any other word descriptive of wood, to designate or describe trays having paper surfaces, unless there appear in immediate connection or conjunction with such words other words clearly indicating that the surfaces of such trays are made of paper;

(3) Selling or distributing trays having surfaces of paper which simulates wood, without clearly disclosing by means of legends imprinted upon such trays or upon the individual cartons in which said trays are packed and sold at retail to the ultimate consumer, that such surfaces are made of paper.

The petitioner objected to paragraph 3 of the order, contending that it goes beyond the practices complained of by the Commission and testified to by the witnesses, and that it has no relation to advertising or

representation. In this we think the petitioner is mistaken.

The gravamen of the complaint is the unfair and deceptive acts and practices with regard to the marketing of the trays as all wood structures when the surface was paper. The petitioner has been found guilty of such practices, as evidenced by the first two paragraphs of the order, against which the petitioner makes no complaint. It has therefore been found guilty of the deceptive practices and acts alleged in the complaint.

It was the duty of the petitioner to deal fairly, and it had been dealing unfairly. Under such circumstances, we think the Commission had authority to prescribe reasonable requirements for the petitioner to meet in the interest of fair dealing, which requirements would act as guarantees against a recurrence of the past unfair and deceptive acts. National Labor Relations Board v. Express Publishing Co., 312 U.S. 426, 61 S.Ct. 693, 85 L.Ed. 930; Local 167 v. United States, 291 U.S. 293, 54 S.Ct. 396, 78 L.Ed. 804; Hill v. Federal Trade Commission, 5 Cir., 124 F.2d 104; Hershey Chocolate Corporation v. Federal Trade Commission, 3 Cir., 121 F.2d 968.

The requirements of paragraph 3 were calculated to aid in dispelling for the future the unfair and deceptive practices of the past, and place no unfair burden upon the petitioner; and they are well within the power of the respondent Commission.

The process used by the petitioner to simulate woods does great credit to the ingenuity of the petitioner, and is so skillfully carried out that the physical exhibits shown us in court were distinguishable from the real wooden trays only after the most careful scrutiny. The trays themselves were the best evidence of the possibility of confusion. Without some warning, the trays of themselves are almost certain to deceive the buying public. The Commission had a right to consider this fact, so forcefully apparent upon an examination of the physical exhibits. We think this is all paragraph 3 of the Commission's order attempts to meet.

The petition to review is denied. The Commission is entitled to the enforcement of its order. It is directed to present a proposed order of enforcement to this court, a copy of which shall be given to opposing counsel at least seventy-two hours before presentation to this court.