### KOOLISH et al. v. FEDERAL TRADE COMMISSION.

### No. 7814.

Circuit Court of Appeals, Seventh Circuit.
June 9, 1942.

Rehearing Denied July 16, 1942.

Albert A. Jones, of Washington, D. C., and Irvin H. Fathchild, Edmund D. Adcock, and Louis Cohen, all of Chicago, Ill., for petitioners.

Wm. T. Kelley, Martin A. Morrison, D. C. Daniel, James W. Nichol, and Joseph J. Smith, Jr., all of Washington, D. C., for respondent.

Before SPARKS, KERNER, and MINTON, Circuit Judges.

SPARKS, Circuit Judge.

We are asked to review and set aside an order of the Federal Trade Commission relating to the use of push cards and pull cards in the distribution of merchandise. Petitioners vigorously deny the right of the Commission to enter the order for the reason that, they assert, no element of chance enters into the sale of merchandise by themselves, and there is no showing of injury to competition, essential to the jurisdiction of the Commission.

The plan of operation here used differs from the one studied by us in Chicago Silk Co. v. Federal Trade Commission, 7 Cir., 90 F.2d 689, in that whereas in that case, the money for the purchase of the goods was transmitted after collection by the push card method, here, petitioners sell their merchandise to their customers who have received the push or pull cards which they may or may not use for its final distribution. In other words, petitioners contend in effect that they are insulated against the charge of using the cards in their distribution of goods by the fact that there is no lottery or chance in their sale of the goods; that their customers receive exactly what is described in their order; and petitioners have no control of the mode of distribution after the goods leave their hands. They deny injury to competition, asserting that "distribution is not a commercial distribution over retail counters where it might compete with other sales but is a private distribution among the purchaser's friends, relatives, fellow employees, fellow lodge or club members and the like and the customer is not under any commitment with the shipper so to distribute the merchandise."

The Commission found, and we find evidence in the record to support its finding, that petitioners supplied to and placed in the hands of others, means of conducting lotteries in the sale of merchandise, and that the use of the plan of sale and distribution was a practice contrary to the established public policy of the United States; that in the sale and distribution of their various articles of merchandise petitioners were in competition with many other persons, firms and corporations who sell and distribute like merchandise; that many persons are attracted by the sales plan and the element of chance involved therein and are thereby induced to buy and sell petitioners' merchandise in preference to merchandise offered for sale by competitors who do not use the same or equivalent methods; and that the use of the method has a tendency and capacity to, and does unfairly divert to petitioners from their said competitors substantial trade in commerce among the various states, and as a result, substantial injury has been done to competition.

The Supreme Court has recently ruled that, "It is not necessary that the evidence show specifically that losses to any particular trader or traders arise from Raladam's [the alleged unfair competitor] success in capturing part of the market. One of the objects of the Act creating the Federal Trade Commission [15 U.S.C. A. § 45] was to prevent potential injury by stopping unfair methods of competition in their incipiency." Federal Trade Commission v. Raladam Co., April 27, 1942, 62 S.Ct. 966, 968, 86 L.Ed. ——. In view of that ruling, and the rulings of this court in Chicago Silk Co. v. Federal Trade Commission, supra, certiorari denied 302 U.S. 753, 58 S.Ct. 281, 82 L.Ed. 582; Kritsik v. Federal Trade Commission, 7 Cir., 125 F.2d 351; and Bazelon et al. v. Federal Trade Commission, No. 7698, decided by this court January 13, 1942, without opinion, we are convinced that the cease and desist order of the Federal Trade Commission was within its authority to issue, and that no good purpose would be served by further discussion by us of the methods here employed by petitioners or the Commission's motives in taking the action here complained of, which questions petitioners seek to raise.

The order of the Federal Trade Commission is affirmed, and petitioners are hereby ordered to comply with it.