### KELLER et al. v. FEDERAL TRADE COMMISSION.

#### No. 7904.

Circuit Court of Appeals, Seventh Circuit.

Nov. 28, 1942.

W. T. Kelley, Chief Counsel, Federal Trade Commission, Joseph J. Smith, Jr., Asst. Chief Counsel, John W. Brookfield and James W. Nichol, Sp. Attys., for Federal Trade Commission, all of Washington, D. C., for respondent.

Morris A. Haft, of Chicago, Ill., for petitioner.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

In this review of an order of the Federal Trade Commission petitioners contend that (1) no substantial evidence supports the finding; (2) the testimony of one witness should have been stricken; (3) the order is broader than the complaint and (4) the proceeding is not in the public interest because petitioners' practices did not result in injury to competition.

The complaint charged and the Commission found that petitioners, copartners, were in competition with others selling and distributing in interstate commerce to operators of and concessionaries with carnivals, traveling shows and similar instrumentalities of amusement, candy and other merchandise, so packed as to bring into play a lottery when sold to consumers; that petitioners sold cartons of multiple packages, containing substantially identical amounts of candy and diverse other merchandise; that the articles contained in the packages were of varying value and their identity and value incapable of ascertainment by consumers until the packages were purchased and opened; that such distribution involved utilization of a lottery or gift enterprise contrary to law and amounted to unfair methods of competition in violation of the pertinent Act. 15 U.S.C.A. § 45.

Petitioners admit that they are engaged in sale and distribution of candy and other merchandise in interstate commerce, in competition with others, sold in packages identical in appearance, and that the character of the merchandise and its value cannot be ascertained until the package is opened. They aver, however, that "all items of merchandise contained in the packages * * * are of equal retail value and no person receives merchandise of greater value than any other person purchasing a like package." The issue, therefore, before the Commission and presented to us, is whether the merchandise contained in the packages of candies, commonly spoken of as prize merchandise, unseen by the consumer, varies in quality and value so as to create an element of chance in making sales.

The evidence established that the goods are sold at wholesale in cartons of about 110 packages, each of which contains a certain number of pieces of candy and an article of merchandise and is sold to consumers at the same price; that the merchandise is of some 20 to 34 different kinds; that it is impossible to sell prize candy if the merchandise is the same in each package because the consumer hopes to get the more valuable prize; that the concessionaries selling the packages usually place those containing the more valuable articles at the top so that they are sold first and the attention of the crowd in which the goods are circulated is directed to them as they are taken from these packages; that the articles vary in value from 10 cents for certain ones to 75 cents for others and $1 for others; that the merchandise, when purchased by petitioners to be placed in the packages, varies in cost in some instances some 1400 per cent.

Petitioners contend that the Commission should have found that each article had a retail value of 10 cents. But it is to be observed that evidence as to the cost to petitioners of the respective articles with resultant wide spreads in wholesale value was supplied by themselves. Petitioners offered evidence contradicting that presented by the Commission. But it is not for us to pass upon the credibility of the witnesses or the weight of the testimony. Our task is to determine only whether the finding is supported by substantial evidence. We held in Hofeller v. Federal Trade Commission, 7 Cir., 82 F.2d 647, that such methods as those employed here are illegal, provided the merchandise distributed varies in retail value. Inasmuch as, upon conflicting testimony, the Commission has found such variation, it is not for us to impeach that determination of credibility or the ultimate finding thus arrived at. Federal Trade Commission v. Pacific States Paper Trade Ass'n, 273 U.S. 52, 63, 47 S.Ct. 255, 71 L.Ed. 534; Federal Trade Commission v. Standard Education Society, 302 U.S. 112, 117, 58 S.Ct. 113, 82 L.Ed. 141.

■■ But petitioners insist that the Commission should have stricken the testimony of one Rinkenberger on the ground that he lacked qualification to testify as to value. This witness testified that he had been employed by a wholesale company for some 27 years; that he had been the head of its importing department, in charge of advertising and compilation of catalogues for a number of years, handling sales correspondence and working for the company in various capacities but not as a buyer or salesman; that his company handled merchandise similar to that involved here and that he knew its cost to his company and the price at which it was sold at wholesale and that he had such information as to retail prices as he had derived from his knowledge and experience and contacts with customers of his company who made retail sales. In this situation we think the question was not properly whether the witness was qualified to testify but, rather, what weight was to be given to his testimony. And with that we are not concerned. In addition to the testimony of this witness the Commission presented other evidence and, as we have seen, petitioners themselves, disclosed a variation in cost of merchandise placed in the packages of some 1400 per cent. In our opinion the latter fact in itself constituted substantial evidence to support the Commission's finding. In view of its existence, the action of the Commission in refusing to strike Rinkenberger's testimony, even if erroneous, is immaterial. Hills Bros. v. Federal Trade Comm., 9 Cir., 9 F.2d 481, 484, certiorari denied 270 U.S. 662, 46 S.Ct. 471, 70 L.Ed. 787; Arkansas Wholesale Grocers' Association v. Federal Trade Comm., 8 Cir., 18 F.2d 866, certiorari denied 275 U.S. 533, 48 S.Ct. 30, 72 L.Ed. 411.

Petitioners further complain that the cease and desist order is too broad in that it directs them to refrain from the use of lottery methods in the sale not only of candy but of any merchandise. It is clear from the evidence that candy and various kinds of merchandise are sold in identical packages, as the Commission contended. The complaint charged the improper sale and distribution of candy "and other merchandise," so packed and assembled as to involve the use of a lottery scheme when sold to the consumer.

■ The act of selling merchandise was necessarily incidental to the sale of candy and the two transactions constituted one related act. The method of selling pursued constituted an unlawful method of competition. Under this situation it was proper to include a prohibition of sale of other merchandise as well as of candy. Haskelite Manufacturing Corp. v. Federal Trade Comm., 7 Cir., 127 F.2d 765, 766. This conclusion we think is well within the limits of the Supreme Court's reasoning in National Labor Relations Board v. Express Publishing Company, 312 U.S. 426, 61 S.Ct. 693, 85 L.Ed. 930.

■■ Petitioners insist further that the proceeding against them is not in the public interest because the competition they offer is small and results in no substantial "lessening of competition." But the record is clear that the method pursued by petitioners in competition with others was within the line of conduct which has from time to time been stamped as unfair competition. And it is unnecessary that there be proof of a lessening of competition arising from the practices complained of. It is the intent and purport of the Act to prevent potential injury by stopping unfair methods of competition in their incipiency. Federal Trade Commission v. Raladam Co., 283 U.S. 643, 647, 51 S.Ct. 587, 75 L.Ed. 1324, 79 A.L.R. 1191; Koolish v. Federal Trade Commission, 7 Cir., 129 F.2d 64, 65; National Candy Co. v. Federal Trade Comm., 7 Cir., 104 F.2d 999, 1006, certiorari denied 308 U.S. 610, 60 S.Ct. 174, 84 L.Ed. 510. In view of the established illegality of the conduct complained of, Federal Trade Commission v. R. F. Keppel & Bros., 291 U.S. 304, 308, 54 S.Ct. 423, 78 L.Ed. 814; Kritzik v. Federal Trade Comm., 7 Cir., 125 F.2d 351, 352, its suppression is in the interest of the public.

In this connection, petitioners rely upon Standard Oil Company v. Federal Trade Comm., 3 Cir., 282 F. 81, but the announcement of the court there is not applicable here in view of the fact that the statute upon which that cause was bottomed was the Federal Anti-Trust Act, 15 U.S.C.A. § 14, forbidding monopolies or unreasonable restraints of trade, where the extent and amount of effect upon competition are most material. Here the complaint was directed against petitioners' illegal procedure, with the intent to prevent, in the interest of the public, the unfair acts complained of tending to the detriment of the public generally. The injury arising from such competition, measured in dollars and cents, is wholly immaterial. The order is affirmed.