The **MARYLAND BAKING COMPANY,**
**a Corporation, Petitioner,**

v.

**FEDERAL TRADE COMMISSION,**
**Respondent.**

No. 7292.

United States Court of Appeals
Fourth Circuit.

Argued March 11, 1957.

Decided April 8, 1957.

William Simon, Washington, D. C.
(Robert L. Wald, Washington, D. C.,
and David Gerber, Baltimore, Md., on
brief), for petitioner.

Robert B. Dawkins, Asst. General
Counsel, Federal Trade Commission,
Washington, D. C. (Earl W. Kintner,
General Counsel, Alvin L. Berman and
Gerald Harwood, Attorneys, Federal
Trade Commission, Washington, D. C., on
brief), for respondent.

Before PARKER, Chief Judge,
SOPER, Circuit Judge, and HOFFMAN,
District Judge.

PER CURIAM.

This is a petition by the Maryland
Baking Company, Inc., to set aside an or-
der of the Federal Trade Commission,
which found that the company had en-
gaged in price discrimination in viola-
tion of section 2(a) of the Clayton Act
as amended, 15 U.S.C.A. § 13(a). The
discrimination found was a price cut
of about 25% on a particular type of
ice cream cone in the limited area in
which a small competitor operated, while
maintaining higher prices in other areas

where petitioner operated but the small competitor did not. While this finding is challenged by petitioner, it is amply sustained by the record. There is evidence that the price cut was initiated for the purpose of driving the competitor out of business and that it deprived the competitor of its normal channel of distribution through jobbers with the loss to the competitor of about half its volume of business in the product in question. The contention that petitioner's actions did not affect competition, and that the matter involved was a private business dispute not affecting the public interest, is so lacking in merit as not to warrant discussion. The Commission entered the following order:

"It is ordered that respondent The Maryland Baking Company, a corporation, and its officers, representatives, agents and employees, directly or through any corporate or other device, in connection with the sale or distribution of ice cream cones in commerce, as 'Commerce' is defined in the aforesaid Clayton Act, do forthwith cease and desist from discriminating, directly or indirectly, in the price of such products of like grade and quality, by selling ice cream cones to any purchaser at higher prices than the prices charged any other purchaser engaged in the same line of commerce where, in the sale of said cones to such purchaser charged the lower price, respondent The Maryland Baking Company is in competition with another seller."

■ The baking company complains of the order because it was not limited to the particular type of ice cream cone which was the subject of the price cut and to the area in which the price cut occurred. It is clear, however, that the Commission was acting well within its power in making the order sufficiently broad to prevent evasion and proscribe unfair trade practices of the same general kind as that in which the company had been found guilty of engaging. P. Lorillard Co. v. Federal Trade Comm., 4 Cir., 186 F.2d 52, 58, 59; Hershey Chocolate Corp. v. Federal Trade Comm., 3 Cir., 121 F.2d 968, 970; Moog Industries, Inc., v. Federal Trade Comm., 8 Cir., 238 F.2d 43, 52–53. As to territorial extent, the company, having been found guilty of a flagrant violation of the act, was properly required to cease and desist from such practices in all areas in which it was doing business. "When the purpose to restrain trade appears from a clear violation of law, it is not necessary that all of the untraveled roads to that end be left open and that only the worn one be closed." International Salt Co. v. United States, 332 U.S. 392, 400, 68 S.Ct. 12, 17, 92 L.Ed. 20. See also Federal Trade Comm. v. Ruberoid Co., 343 U.S. 470, 72 S.Ct. 800, 96 L.Ed. 1081; Federal Trade Comm. v. National Lead Co., U.S., 77 S.Ct. 502, 509; and Moog Industries, Inc., v. Federal Trade Comm., supra.

■ The petitioner complains that the Commission did not include in the order provisos excepting from its prohibition the matters excepted by the provisos contained in subsections 2(a) and 2(b) of the Clayton Act, 15 U.S.C.A. § 13(a) and (b).[1] The Commission says, however, that these are implicit in its order; and this is unquestionably cor-

[1]. These provisos are as follows:
"Sec. 13. Discrimination in price, services, or facilities—Price; selection of customers. (a) * * * Provided, That nothing contained in sections 12, 13, 14‐21, and 22‐27 of this title shall prevent differentials which make only due allowance for differences in the cost of manufacture, sale, or delivery resulting from the differing methods or quantities in which such commodities are to such purchasers sold or delivered: * * *. (b)

Upon proof being made, at any hearing on a complaint under this section, that there has been discrimination in price or services or facilities furnished, the burden of rebutting the prima-facie case thus made by showing justification shall be upon the person charged with a violation of this section, and unless justification shall be affirmatively shown, the Commission is authorized to issue an order terminating the discrimination: Provided, however, that nothing contained in

rect. Moog Industries, Inc., v. Federal Trade Commission, supra; Federal Trade Commission v. Ruberoid Co., supra. As said by the Supreme Court in the case last cited [343 U.S. 470, 72 S.Ct. 804]:

> " * * * we think the provisos are necessarily implicit in every order issued under the authority of the Act, just as if the order set them out in extenso. Although previous Commission orders have included these provisos, they gained no force by that inclusion. Their absence cannot preclude the seller from differentiating in price in a new competitive situation involving different circumstances where it can justify the discrimination in accordance with the statutory provisos."

■ The company complains, also, that the effect of the order is to put its prices in a strait jacket throughout the country, so that it may not vary them in various localities even though no discrimination may be involved. To meet this objection, the Commission proposes to change its order so that it will read as follows:

> "It is ordered that respondent The Maryland Baking Company, a corporation, and its officers, representatives, agents and employees, directly or through any corporate or other device, in connection with the sale or distribution of ice cream cones in commerce, as 'commerce' is defined in the aforesaid Clayton Act, do forthwith cease and desist from discriminating, directly or indirectly, in the price of such products of like grade and quality, by selling ice cream cones to any purchaser at a price which is lower than the price charged any other purchaser engaged in the same line of commerce, where such lower price undercuts the price at which the purchaser

charged the lower price may purchase ice cream cones of like grade and quality from another seller."

We interpret the order as thus changed to forbid discrimination in prices within any area in the United States in which the company is doing business, but not to require uniform prices throughout the country nor to forbid the company's making prices in good faith to meet competition as permitted by the proviso to section 13(b), heretofore quoted in the note.

The order will accordingly be modified in accordance with the Commission's suggestion, the petition to set it aside will be denied and as modified it will be affirmed.

Affirmed.

sections 12, 13, 14–21, and 22–27 of this title shall prevent a seller rebutting the prima-facie case thus made by showing that his lower price or the furnishing of services or facilities to any purchaser or purchasers was made in good faith to meet an equally low price of a competitor, or the services or facilities furnished by a competitor."