David W. ERICKSON, doing business as
Erickson Hair and Scalp Specialists,
Petitioner,

v.

FEDERAL TRADE COMMISSION,
Respondent.

No. 12635.

United States Court of Appeals
Seventh Circuit.

Nov. 19, 1959.

Franklin M. Lazarus, Frank E. Gettleman, Arthur Gettleman, Chicago, Ill., for petitioner.

Alan B. Hobbes, Assistant General Counsel, Henry G. Pons, Attorney, Federal Trade Commission, Washingon, D. C., Daniel J. McCauley, Jr., General Counsel, Washington, D. C., for respondent.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and KNOCH, Circuit Judges.

HASTINGS, Chief Judge.

This is a petition to review and set aside an order of the Federal Trade Commission requiring petitioner, David W. Erickson, doing business as Erickson Hair and Scalp Specialists, to cease and desist from falsely advertising petitioner's medicinal and cosmetic preparations in violation of the Federal Trade Commission Act, 15 U.S.C.A. § 45 et seq.

The Commission's complaint charged petitioner (respondent below) with dis-

seminating, through the United States mails and by various means in interstate commerce, false advertisements concerning his preparations, all to the prejudice and injury of the public; it further charged that such conduct constituted unfair and deceptive acts and practices within the intent and meaning of the Federal Trade Commission Act. Petitioner answered the complaint, admitted the composition of his preparations and the fact that he advertises, denied generally the other allegations, and included an averment that the acts and practices complained of were not in violation of the Federal Trade Commission Act.

Hearings were held, and evidence was presented by both parties. The Hearing Examiner issued an initial decision and a proposed order to cease and desist, and petitioner appealed to the Commission. Upon consideration of briefs and oral argument, the Commission denied the appeal and adopted the Hearing Examiner's findings and proposed order. That part of the order we are asked to review directs petitioner forthwith to cease and desist from:

"1. Disseminating or causing to be disseminated by means of the United States mails or by any means in commerce, as 'commerce' is defined in the Federal Trade Commission Act, any advertisement which represents directly or by implication:

"(a) That the use of said preparations alone or in conjunction with any method of treatment will:

"(1) Permanently eliminate dandruff, itching or irritation of the scalp,

"(2) Cause fuzz to be replaced with long or strong hair,

"(3) Prevent or overcome excessive hair loss or baldness or cause new hair to grow, or cause hair to grow thicker or otherwise grow hair, unless such representations be expressly limited to cases other than those known as male pattern baldness and unless the advertisement clearly and conspicuously reveals that in the great majority of cases of baldness and excessive hair loss, respondent's said preparations and treatments are of no value whatever,

"(b) That respondent, his agents, representatives or employees have had competent training in dermatology or other branches of medicine having to do with the diagnosis and treatment of scalp disorders affecting the hair, or are trichologists.

"2. Disseminating or causing to be disseminated by any means, any advertisement for the purpose of inducing or which is likely to induce directly or indirectly the purchase of said preparations in commerce, as 'commerce' is defined in the Federal Trade Commission Act, which advertisement contains any of the representations prohibited in Paragraph 1 hereof."

From the record before us we find that the following relevant facts were well established. Petitioner's principal place of business is in Chicago, Illinois, from which he distributes through interstate commerce home treatment kits of various medicinal and cosmetic preparations designed for external use in the prevention of baldness, the growing of hair and the elimination of various scalp disorders. The total value of his business from his Chicago office is from $60,000 to $80,000 annually.

In conducting his business petitioner or his representative visits various cities throughout the United States where he conducts a so-called hair and scalp "clinic," usually in the room of a local hotel. Prior to visiting a particular city, petitioner places an advertisement in a local newspaper of that city inviting prospective customers to call on him for free consultation and advice about their hair and scalp problems. A substantial number of such newspapers are distributed in interstate commerce. Petitioner accepts for treatment 95% of the persons who respond to his advertisements and, when agreeable to the prospect, sells him a home treatment kit containing his var-

ious preparations which is mailed directly to the purchaser from petitioner's Chicago office.

In some of these newspaper advertisements petitioner refers to himself as a "trichologist." A typical advertisement purports to be a newspaperman's report of an interview with petitioner and contains a picture of petitioner attired in a type of white jacket customarily worn and associated with members of the medical profession. The picture shows petitioner pointing to what appears to be a clinical chart depicting the human scalp with relation to hair and hair follicles. In this advertisement petitioner states that he has directed some of the largest "clinics" in the United States and Canada. Two of the Commission's expert medical witnesses testified that to bear the title "trichologist" properly, a person should be a dermatologist. Petitioner has had no medical training, and his college education was limited to one semester in "marketing."

Without attemping to quote further from the several exhibits before us, we thing it is fair to say that in his advertisements petitioner represents that he can, without qualification, through the use of his preparations and method of treatment prevent or overcome baldness, cause hair to grow thicker, cause new hair to grow, cause fuzz to develop into longer and stronger hair, and permanently eliminate dandruff, itching and irritation of the scalp. The uncontradicted medical evidence of record shows that neither petitioner's preparations nor any others will accomplish these results.

The Commission's qualified medical witnesses testified that most cases of baldness are accounted for by a condition known as *male pattern baldness*. It is said to be most common in the male adult, and *its precise cause has not been medically proven*. Various conflicting theories have been advanced as to its cause but there is no medical evidence that male pattern baldness will respond to the external application of various chemical and cosmetic preparations as far as the progression of loss of hair is concerned.

Admitting that certain of petitioner's consumer witnesses testified as to the efficacy of his preparations, it was not shown that any of them had suffered loss of hair due to male pattern baldness.

Petitioner's chief contention is that there is no credible, reliable or substantial evidence to sustain the Commission's findings on which the cease and desist order is based or to support such an order against petitioner. We disagree.

It is for the Commission to appraise the credibility of witnesses, to weigh evidence and to draw inferences therefrom. On review, our task is to determine whether the findings are supported by substantial evidence. Keller v. Federal Trade Commission, 7 Cir., 1942, 132 F.2d 59, 60. If the findings are thus supported, Aronberg v. Federal Trade Commission, 7 Cir., 1942, 132 F.2d 165, 170, they are conclusive and binding on us. Opinion evidence based on general medical and pharmacological knowledge constitutes substantial evidence. Dr. W. B. Caldwell, Inc. v. Federal Trade Commission, 7 Cir., 1940, 111 F.2d 889, 891. Whether there is a consensus of medical opinion is a question of fact; a conflict of medical opinion concerning the effectiveness of a preparation also presents a question of fact, United States v. Kaadt, 7 Cir., 1948, 171 F.2d 600, 603, and is therefore to be resolved by the Commission.

Likewise, as Chief Judge Duffy said in Kalwajtys v. Federal Trade Commission, 7 Cir., 1956, 237 F.2d 654, at page 656:

"The meaning of advertisements or other representations to the public, and their tendency or capacity to mislead or deceive, are questions of fact to be determined by the Commission and should be upheld by a reviewing Court unless arbitrarily or clearly wrong. Rhodes Pharmacal Co., Inc. v. Federal Trade Commission, 7 Cir., 208 F.2d 382, 387; Parker Pen Co. v. Federal Trade Commission, 7 Cir., 159 F.2d 509, 511."

Further, it is sound to say that the fact that petitioner had satisfied customers is not a defense to Commission action for deceptive practices. Independent Directory Corp. v. Federal Trade Commission, 2 Cir., 1951, 188 F.2d 468, 471.

Tested by these well-established standards and on the record before us, we hold that the findings and order of Commission are supported by substantial evidence. We agree with the conclusions of the Commission that petitioner was engaged in unfair and deceptive practices in commerce.

Petitioner also contends that the Commission's order is broader than the findings will support and is in excess of its statutory authority. This is predicated on the proscription in the order of advertisements "of any other preparations for use in the treatment of hair and scalp conditions." However, we think that a reading of the preamble of the order and the whole of paragraph 1 will show that the only prohibition as to "any other preparations" relates to the false representations contained in petitioner's advertising found to be deceptive. "Unless the Commission's order is broad enough to cover all preparations petitioner need only to change the formula of his present preparations and continue to engage in the same false and deceptive practices condemned by the Commission," as Government counsel aptly points out. If petitioner does discover some method of curing male pattern baldness in the future, under Commission rules, he may seek modification of the order.

It is settled beyond dispute that in formulating its order to cease and desist, the Commission is empowered to determine the appropriate remedy according to the nature and character of the unfair practice. Keller v. Federal Trade Commission, 7 Cir., 1942, 132 F. 2d 59, 61. Orders of the Federal Trade Commission are intended to prevent illegal practices in the future. "In carrying out this function the Commission is not limited to prohibiting the illegal practice in the precise form in which it is found to have existed in the past. If the Commission is to attain the objectives Congress envisioned, it cannot be required to confine its road block to the narrow lane the transgressor has traveled; it must be allowed effectively to close all roads to the prohibited goal, so that its order may not be by-passed with impunity." Federal Trade Commission v. Ruberoid Co., 1952, 343 U.S. 470, 473, 72 S.Ct. 800, 803, 96 L.Ed. 1081. The Commission "has wide discretion in its choice of a remedy deemed adequate to cope with the unlawful practices" disclosed, Jacob Seigel Co. v. Federal Trade Commission, 1946, 327 U.S. 608, 611, 66 S.Ct. 758, 760, 90 L.Ed. 888, and "the courts will not interfere except where the remedy selected has no reasonable relation to the unlawful practices found to exist." Id., 327 U.S. at page 613, 66 S.Ct. at page 760, and followed in Ruberoid, 343 U.S. at page 473, 72 S.Ct. 800. See also Federal Trade Commission v. National Lead Co., 1957, 352 U.S. 419, 428, 77 S.Ct. 502, 1 L.Ed. 2d 438.

We hold that the Commission's order is valid and does not exceed its statutory authority.

Petitioner finally charges that "the Hearing Examiner was prejudiced, showed bias and improperly restricted petitioner's efforts to present evidence and his right of cross-examination." We have carefully considered this contention and find that it is without merit. We find no prejudical error in the challenged rulings of the Hearing Examiner. See Dolcin Corp. v. Federal Trade Commission, 1954, 94 U.S.App.D.C. 247, 219 F.2d 742.

The petition to review and set aside the cease and desist order of the Commission will be denied, and enforcement of the order of the Commission is now ordered.

Enforcement ordered.